IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES NOVAK, | ) | |
| MELISSA NOVAK, and | ) | 1:09-cv-5381 |
| VAX TRANSPORTATION, INC. | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|     v. | ) | Jury Demanded |
| | ) | |
| PREMIERE CREDIT OF NORTH AMERICA, LLC, | ) | |
|     Defendant. | ) | |

**COMPLAINT – CLASS ACTION**

1. Plaintiff James and Melissa Novak and Vax Transportation, Inc. bring this action to secure redress for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").  VAX Transportation, Inc. brings this case for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227(b) ("TCPA").

2. The defendant debt collection agency called James Novak on his work cellular telephone in an attempt to collect a debt allegedly owed by Melissa, and inquired about Melissa's personally identifying information, such as date of birth and employment status.  Vax Transportation, Inc. is the subscriber for James Novak's cell phone.

**JURISDICTION AND VENUE**

3. This Court has federal question subject matter jurisdiction over the FDCPA claims and supplemental jurisdiction over the TCPA claims under 28 U.S.C. §1367(a) because the same actions, illegal telephone calls, form the basis for both the FDCPA and TCPA claims; all claims herein are thus part of the same case or controversy.  There also may be Class Action Fairness Act jurisdiction over the TCPA claims.

4.     Venue is proper because a substantial portion of the events complained of occurred in this District.

**PARTIES**

5.     Plaintiffs James and Melissa Novak are husband and wife, and are individuals who resides in this district.  They will be referred to herein by their first names.

6.     Defendant Premiere Credit of North America, LLC ("PCNA") is an Indiana limited liability company with its principal office in Indianapolis, Indiana.  Its registered agent in Illinois is Illinois Corporation Service Corp., 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

**FACTS**

7.     On July 9, 2009, James received a telephone call on his work cellular telephone.  The call was placed by defendant PCNA.  The cell phone bills are paid by plaintiff Vax Transportation, Inc.

8.     Upon information and belief PNCA used a predictive dialer to make the call.

9.     The caller identified himself as "Gene Stanbauch" and stated that he works for defendant PCNA.

10.    Then Stanbauch told James that he wanted to "verify" that Melissa was on James' company's payroll.  He then asked if he could verify Melissa's date of birth.  He then asked James to disclose Melissa's social security number.

11.    Stanbauch also stated certain information, both correct and incorrect, about Melissa during the telephone call with James.

12.    Melissa called PNCA to discuss the situation.  PNCA told Melissa that it obtained information about her and James from a Google Internet search.  Upon information and belief,

based upon Melissa's attempts to recreate such a search, the statement that the information came from a Google search was untrue.

## Count I – Fair Debt Collection Practices Act

13. Plaintiff incorporates all previous paragraphs. This Count is brought by both James and Melissa.

14. The FDCPA contains strict prohibitions against debt collectors from contacting anyone other than the alleged debtor for purposes other than to obtain "location information." 15 U.S.C. §§ 1692c(b) and 1692b state:

> **15 U.S.C. 1692c(b)**
>
> **Communication with third parties**
>
> **Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.**
>
> **15 U.S.C. § 1692b**
>
> **Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall—**
>
> **(1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;**
>
> **(2) not state that such consumer owes any debt;**
>
> **(3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete.**

15. PCNA greatly overstepped these restrictions when it called James, which violated Melissa's right to privacy. PCNA also violated James' right to be left alone when it called him for purposes other than to obtain location information for Melissa, a right that is also protected by these sections of the FDCPA.

16. Further, PCNA made false and unfair statements during its telephone calls with both James and Melissa, and refused to divulge to Melissa the nature of the alleged debt it was collecting.

WHEREFORE, plaintiffs respectfully request that this Court enter judgment in favor of plaintiffs and against defendant for:

a. Statutory and actual damages;

b. Attorney's fees and costs of suit;

c. Any other relief the Court deems proper.

**Count II – Telephone Consumer Protection Act**

17. Plaintiff incorporates paragraphs 1 through 12. This claim is brought by Vax Transportation, Inc., only.

18. PCNA called James on his cellular telephone, which is paid for by Vax Transportation, Inc.

19. Upon information and belief, based upon the general practice of the industry, and a telltale pause that James heard at the beginning of the call PCNA used an "automatic telephone dialing system" within the meaning of 47 U.S.C. §227(b) to make the call.

20. Plaintiff brings Counts II on behalf of a class. The class is defined as:

> **All subscribers with cellular telephone numbers with 630, 708, 847, 773, 815 and 312 area codes, (a) that PCNA called; (b) using an automatic telephone dialing system and/or automatic or prerecorded voice message, (c) where**

4

**PCNA obtained the telephone from a source other than an application for credit, (d) where such call was made at any time within four years of the filing of this complaint.**

21. Upon information and belief, there are more than 50 members of the proposed class and subclasses; sufficient to satisfy the numerosity requirement.

22. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

    a. Whether defendant used an automatic telephone dialing system or pre-recorded or artificial voice within the meaning of the TCPA with respect to telephone calls to class members' cellular phones; and

    b. damages.

23. Plaintiff Vax Transportation, Inc. will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

24. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

25. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

26.    Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole.  Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

27.    The identity of the class is likely readily identifiable from defendant's records.

28.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

WHEREFORE, plaintiff requests that this Court enter judgment against PLS and in favor of plaintiff and the class for:

a.    Statutory damages of $500 per call;

b.    Any other relief the court deems proper.

### Count III – Telephone Consumer Protection Act

29.    Plaintiff incorporates paragraphs 1 through 12 and 17 through 28.  This claim is brought by Vax Transportation, Inc., only.

30.    This Count is brought in the alternative to Court II.  The class is identical to that brought in Count II, except that this Count asks for damages of a maximum of $1,500 per illegal call; damages that are available if it is proven that the violations were willful.

31.    Defendant's illegal calls to plaintiff and the class were willful.

WHEREFORE, plaintiff requests that this Court enter judgment against PLS and in favor of plaintiff and the class for:

a.    Statutory damages of $1,500 per call;

b.    Any other relief the court deems proper.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**JURY DEMAND**

Plaintiff demands trial by jury.

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, documents and all other tangible things that relate to plaintiff or the putative class members, the events described herein, any third party called in association with any account or file associated with plaintiff or the putative class members, and any account or number relating to any of them. These materials are very likely relevant to the litigation of this claim. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/Alexander H. Burke